# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2012

Lyle W. Cayce
Clerk

_____

No. 11-10338

_____

NAIEL NASSAR, MD,

      Plaintiff - Appellee Cross-Appellant

v.

UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER,

      Defendant - Appellant Cross-Appellee

_____

Appeals from the United States District Court for the
Northern District of Texas, Dallas

_____

ON PETITION FOR REHEARING AND REHEARING EN BANC

(Opinion March 8, 2012, 5 Cir., 2012, 674 F.3d 448)

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

      The Petition for Rehearing is DENIED and the court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor, the Petition for Rehearing En Banc is also DENIED.

In the en banc poll, 6 judges voted in favor of rehearing (Jones, Jolly, Smith, Garza, Clement, and Owen), and 9 judges voted against rehearing (Davis, Stewart, Dennis, Prado, Elrod, Southwick, Haynes, Graves, and Higginson).  Judge King did not participate in consideration of the rehearing en banc.

Joining in Judge Smith's dissent are Chief Judge Jones, Judge Jolly, and Judge Clement.

ENTERED FOR THE COURT:

    /s/ Thomas M. Reavley

THOMAS M. REAVLEY

United States Circuit Judge

JENNIFER WALKER ELROD, Circuit Judge, concurring:

I concur in the denial of rehearing en banc. I write separately to address the waiver issue that was not necessary to the panel decision but is dispositive of my decision to join the denial of the rehearing en banc. Before the panel, the parties conceded that Smith v. Xerox Corporation, 602 F.3d 320, 330 (5th Cir. 2010), foreclosed the University of Texas Southwestern Medical Center's ("Texas Medical") objection to the district court's motivating factor jury instruction. Therefore, the panel did not address whether that argument was waived. Texas Medical's own proposed jury instruction included the motivating factor instruction language used by the district court. On the Friday before trial, the district court held an all-afternoon hearing to entertain objections to the jury instructions, after which it admonished the parties: "I'm telling you now, no new objections." When Texas Medical raised its objection on Monday morning just before the jury came in, the district court commented that it was "unprofessional" and the argument was "probably . . . waived." Moreover, Texas Medical did not argue to the district court that Smith was incorrect after Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009).

I agree with the district court that Texas Medical waived the argument. As such, Texas Medical cannot prevail on its argument at this stage of the case. See Jimenez v. Wood Cnty, 660 F.3d 841, 846 (5th Cir. 2011) (en banc) (holding that a party that failed to preserve jury instruction error by raising a proper objection could not show plain error even where the objection would have been futile in light of controlling precedent). Therefore, I concur in the denial of rehearing en banc.

JERRY E. SMITH, Circuit Judge, dissenting from the denial of rehearing en banc:

This court should not decide cases for undisclosed reasons or determine dispositive issues sub silentio. Because this panel has done both, I respectfully dissent from the denial of rehearing en banc. I dissent also because Smith v. Xerox Corp., 602 F.3d 320 (5th Cir. 2010), is wrongly decided and presents a question of exceptional importance in employment law. This case is a good vehicle for fixing that mistake.

I.

In its initial brief on appeal, the employer, University of Texas Southwestern Medical Center ("UTSW"), squarely raised the following issue: "The district court reversibly erred in instructing the jury based on a theory of mixed-motive retaliation." Counsel fulfilled his duty of candor as an officer of the court by acknowledging the following:

> The Medical School prefaces this argument by conceding that this Court's majority opinion in Smith v. Xerox Corporation, 602 F.3d 320 (5th Cir. 2010), held that a mixed motive framework can be appropriate for a Title VII retaliation claim. The Medical School respectfully disagrees with Smith and desires to reserve this point for further review, realizing that a panel of this Court cannot overturn Smith.

That acknowledgement was followed by several paragraphs of argument.

In his brief, the employee, Naiel Nassar, asserted that "UTSW's jury charge complaint has been waived." He supported that contention with a full page of argument that the objection was not timely and adequately raised. In its reply brief, UTSW refuted the waiver claim in a footnote.

Issue was thus properly joined on whether UTSW waived its objection to the mixed-motive charge. Despite having been presented with the waiver question, however, the panel ignored it, dispensing with the mixed-motive issue on the merits in a footnote that observed only that the issue was foreclosed by Smith. See Nassar v. Univ. of Tex. Sw. Med. Ctr., 674 F.3d 448, 454 n.16 (5th Cir. 2012). There is no way to tell──because the panel does not say──whether it (1) overlooked the waiver question or (2) decided there was no waiver and therefore addressed the merits or (3) determined that waiver did not matter because the substantive issue was foreclosed by Smith.

UTSW filed a petition for panel rehearing and a petition for rehearing en banc. At the court's direction, Nassar filed a response to the en banc petition in which, in two pages, he once again claimed that "UTSW's jury charge complaint has been waived." UTSW obtained leave to reply and, in three pages, explained its view that there was no waiver.

In its order denying panel rehearing and rehearing en banc, the panel gives no clue whether it has even considered the thoroughly briefed waiver claim. That remains a secret. To her credit, Judge Elrod now takes a position on the waiver question, stating in a panel concurrence that she views the issue

5

as having been waived and that that is the reason she opposes en banc rehearing. The rest of the panel is silent.

Judge Elrod says that the reason the panel opinion did not address waiver was that it "was not necessary" because the question is foreclosed anyway. That is not completely accurate. The reason the panel needed (and still needs) to decide waiver is that UTSW specifically announced its desire to preserve the mixed-motive issue "for further review," meaning review by the en banc court (which could and should overrule Smith) or by the Supreme Court (which could do the same). Because UTSW is not entitled to raise a waived claimSSeven just to preserve itSSit very much matters whether there was waiver, and both Nassar and UTSW are entitled to have this court decide the waiver question. For whatever reason, however, the panel has declined that opportunity, and the court has unwisely rejected the request to rehear the case en banc.

Even in the wake of a failed en banc poll, the waiver issue can be fixed. The panel is presented with a petition for panel rehearing and could use that vehicle to deny panel rehearing but, in the process, to declare whether the issue was waived or whether, instead, UTSW has preserved it "for further review." The panel does not explain why it declines that opportunity.[1]

---

[1] I respectfully part company with Judge Elrod's careful conclusion that UTSW waived the mixed-motive issue. At least, UTSW presents a strong argument for why it was not waived.

As UTSW points out, under Federal Rule of Civil Procedure 51(b) and (c), an objection to a jury instruction is properly made and preserved by presenting it to the district court on the record, before the instructions are read to the jury, and before closing arguments. UTSW did so. It notified the district court of its objection to the mixed-motive instruction before the jury charge and arguments. The court then resolved UTSW's objection on the record.

(continued...)

II.

The panel decision in Smith should be overruled. It is an erroneous interpretation of the statute and controlling caselaw and created an unnecessary circuit split. The problems wrought by the Smith panel majority are convincingly explained in Judge Jolly's panel dissent, to which I defer. See Smith v. Xerox Corp., 602 F.3d 320, 336-40 (5th Cir. 2010) (Jolly, J., dissenting). Unfortunately, shortly after the panel issued its majority opinion and dissent, and before a petition for en banc rehearing was filed, the parties settled. That mooted the case and deprived the en banc court of the chance to correct the error in the panel's misapplication of Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009).

---

[1](...continued)

Moreover, along with its proposed instruction, UTSW emphasized its objection to a mixed-motive instruction by including a detailed presentation on the conflicting state of the law, citing authority supporting a but-for causation standard. Having lodged that objection, UTSW's attorneys, as officers of the court, also complied with *Smith* by tendering a jury instruction that treated but-for causation as an affirmative defense.

UTSW raised its objection during both portions of the charge conference. During the first portion, on Friday, it argued that "the plaintiff must show that [retaliation] is the sole motive of the defendant." The court then acknowledged that UTSW took "the position it's a but-for" standard and that, if a mixed-motive analysis were not the correct state of the law, the mixed-motive instruction the court later gave to the jury would be incorrect.

The parties further considered the issue during the continuation of the charge conference on Monday. Although the court questioned whether the issue had been raised during the Friday conference, the court ruled on the merits, not on waiver, and relied on this court's analysis in *Smith.*

The waiver question is not by itself worthy of en banc consideration. The main point now is not whether there was waiver, but whether the panel should have addressed it. I present UTSW's arguments opposing waiver for the purpose of showing that it is a substantial, threshold question that the panel should have decidedSSand still has the option to decideSS one way or the other.

This court's refusal now to reconsider Smith en banc is confounding. We will never knowSSbecause the court does not saySSwhether that refusal is because the waiver issue is seen as distracting from the enbancworthy mixed-motive question. In any event, the failure to take the case en banc is serious error from which I respectfully dissent.